

```
FILED
12 JUL -5 PM 2:36
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS,<br><br>                 Petitioner,<br>vs.<br><br>BRENDA CASH, Warden<br><br>                 Respondent. | CASE NO. 11-CV-2234 BEN (WMc)<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

## I. Introduction

On September 26, 2011, Petitioner Bobby James Williams ("Williams"), a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his sixty-year prison sentence.

Including this Petition, Williams has filed a total of twelve petitions for writs of habeas corpus in State and Federal courts. This Petition is Williams' second petition filed in the United States District Court for the Southern District of California. Williams did not appeal the dismissal of his first federal petition.

The claims presented in Williams' twelve petitions generally fall into one of two categories. Williams challenges either the alleged unconstitutionality of his sentence or the alleged unconstitutionality of his conviction. In the instant Petition, Williams presents three sentencing claims. Williams claims the sentencing court failed to resentence him after the California Court of

Appeal struck his prior convictions.[1] (ECF No. 1, Petition at p. 13.) He also claims the sentencing court illegally enhanced his sentence based on prior convictions. (ECF No. 1, Petition at p. 14.) Finally, he claims his sentence is cruel and unusual. (ECF No. 1, Petition at p. 15.)

Respondent filed a Motion to Dismiss ("Motion") the Petition as successive and untimely. Williams did not file an opposition.

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California.

After reviewing the Petition, Respondent's Motion to Dismiss, the Lodgments filed by Respondent, and all the supporting documents submitted by the parties, the Court recommends (1) Respondent's Motion to Dismiss be **GRANTED** and (2) the Petition be **DISMISSED** for the reasons discussed below.

## II. Factual and Procedural Background

*Jury Trial, Conviction, and Sentencing*

On March 15, 1996, a jury convicted Williams of two robberies, evading an officer with reckless driving, receiving stolen property, being under the influence of a controlled substance, and driving under the influence of alcohol and a controlled substance. (Lodgment 1 at pp. 284-85.) On March 24, 1996, the court sentenced Williams as a Three Strikes Recidivist to an indeterminate term of sixty years to life, consisting of two consecutive terms of twenty-five years to life for the two robberies plus two five-year enhancements for the two prior convictions. (Lodgment 1 at p. 286.)

*Subsequent Appeals to the California Court of Appeal and the California Supreme Court*

Williams appealed his conviction to the California Court of Appeal, which denied the appeal in part on June 6, 1997. (Lodgments 4, 5.) The court of appeal reversed the receiving stolen property conviction because the jury could not convict Williams of both receiving and stealing the same property. (Lodgment 5 at pp. 4, 18.) The court remanded the case to the superior court to

---

[1] The document numbers and page numbers of documents not contained in the Lodgments, including Williams' Petition and Respondent's Motion, cited herein, refer to the page numbers assigned by the Case Management/Electronic Case Filing (CM/ECF) system.

determine the specific amounts of restitution and losses to be reimbursed to the robbery victims, and remanded the case for the limited purpose of specifying those amounts. (Lodgment 5 at pp. 17-18.) In its disposition, the court also stated the "enhancements for the two prior prison terms are stricken." (Lodgment 5 at p. 18). The court of appeal directed the superior court to prepare an amended abstract of judgment in accordance with its opinion. (Lodgment 5 at pp. 18-19.)

Williams then filed a Petition for Review with the California Supreme Court. (Lodgment 8.) The California Supreme Court denied the petition on August 13, 1997. (Lodgment 9.) On September 24, 1997, the superior court, on remand from the court of appeal, specified the amounts of restitution to each robbery victim from Williams' March 15, 1996 conviction, but left Williams' March 24, 1996 sentence unchanged. (ECF No. 1, Petition at Exhibit A.) Williams was present for the pronouncement of the judgment. (ECF No. 1, Petition at Exhibit A.) The court ordered Williams to resume serving his sentence. (ECF No. 1, Petition at Exhibit A.)

Accordingly, it appears Williams' judgment became final on December 23, 1997, ninety days after the September 24, 1997 superior court judgment. The statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) for Williams' federal habeas petition began to run on the date Williams' judgment became final. Absent tolling, the statute of limitations expired on December 24, 1998.[2]

**December 16, 1997 Habeas Petition in San Diego County Superior Court**

Appearing *pro se*, Williams presented four claims in his first state habeas corpus petition to have his sentence reduced or vacated. First, Williams argued the sentencing court mistakenly believed (at the time of sentencing following his conviction) that it could not dismiss one of Williams' strike priors. (Lodgment 10 at p. 3.) Second, he argued his prior robbery convictions could not constitute strikes. (Lodgment 10 at p. 9.) Third, he argued the Three Strikes Law was unconstitutionally vague. (Lodgment 10 at p. 17.) Fourth, he argued his sentence was cruel and

---

[2] It does not appear that Williams appealed the superior court's September 24, 1997 judgment. According to Respondent, who did not use the September 24, 1997 date, William's judgment became final on November 11, 1997, ninety days after the California Supreme Court denied his Petition for Review on August 13, 1997. (ECF No. 7, Motion at p. 6.) After thorough review of the lodgments and all supporting papers, the Court presents this alternative timeline, which utilizes the superior court's September 24, 1997 judgment in calculating the date of Williams' final judgment for purposes of AEDPA. As discussed in detail below, the discrepancy between the Court's date and Respondent's date is of no consequence because Williams' Petition is untimely under either date.

unusual (Lodgment 10 at pp. 19-22.) The superior court denied the petition on December 30, 1997. (Lodgment 11.)

The superior court rejected Williams' argument that the sentencing court's mistaken belief regarding its authority to dismiss strike priors entitled him to resentencing. (Lodgment 11 at p. 1.) The court noted that despite the mistake, the sentencing court nevertheless stated it would not dismiss a strike even if it had the power to do so. (Lodgment 11 at p. 1.) The superior court found Williams' prior robbery convictions could constitute strikes because a prior conviction may be deemed a strike as long as the crime was defined as "serious" or "violent" as of June 30, 1993. (Lodgment 11 at p. 2.) The court rejected Williams' argument that the Three Strikes Law was unconstitutionally vague, citing to other decisions rejecting the same argument. (Lodgment 11 at p. 1.) Finally, the court found Williams' sentence was neither cruel nor unusual because of his prior criminal history and present robbery convictions. (Lodgment 11 at p. 2.)

### *February 28, 1998 Habeas Petition in San Diego County Superior Court*

Williams' counsel argued Williams was entitled to resentencing because the sentencing court mistakenly believed it could not dismiss a strike, the same argument raised in Williams' December 16, 1997 petition. (Lodgment 12.) The superior court denied the petition on March 19, 2008 because there was no change in existing facts or law since Williams' first petition. (Lodgment 13.)

### *November 17, 1998 Habeas Petition in San Diego County Superior Court*

Williams presented two claims. Williams claimed ineffective assistance of trial counsel because counsel allegedly failed to raise issues regarding his mental incompetence. (Lodgment 14 at p. 3(G).) He also claimed the jury convicted him on insufficient evidence. (Lodgment 14 at p. 4.) The superior court denied the petition on December 15, 1998 because it was untimely and successive. (Lodgment 15 at pp. 2-3.)

### *March 3, 2003 Habeas Petition in California Supreme Court*

Williams sought reversal of a guilty finding on a disciplinary charge that he received in prison. (Lodgment 16 at p. 3.) The California Supreme Court issued a silent denial without citation on October 22, 2003. (Lodgment 17.)

*May 24, 2004 Habeas Petition in California Supreme Court*

Williams presented two claims. He claimed ineffective assistance of trial counsel because counsel failed to raise issues regarding his mental incompetence. (Lodgment 18 at pp. 11, 14.) He also claimed the jury convicted him on insufficient evidence. (Lodgment 18 at p. 26.) The California Supreme Court denied the petition on April 13, 2005, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998) (indicating petition was untimely). (Lodgment 19.)

*April 1, 2005 Habeas Petition in San Diego County Superior Court*

While the California Supreme Court decision on his May 24, 2004 petition was pending, Williams filed again in superior court, alleging his sentence was cruel and unusual and challenging the sentence enhancements based on prior convictions under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). (Lodgment 20 at pp. 3-4.) The superior court denied the petition on May 19, 2005, explaining Williams' sentence violates neither case. (Lodgment 21 at p. 2.)

*August 25, 2005 Habeas Petition in California Court of Appeal*

Williams presented the same claims as those in his April 1, 2005 petition. (Lodgment 22 at pp. 3-4.) The California Court of Appeal denied the petition on September 1, 2005, citing *People v. Black*, 35 Cal. 4th 1238 (2005); *People v. Amons*, 125 Cal. App. 4th 855 (2005). (Lodgment 23.)

*September 19, 2005 Federal Habeas Petition in the U.S. District Court*

Williams presented four claims in his first federal petition. First, Williams claimed ineffective assistance of trial counsel because counsel failed to raise issues regarding his mental incompetence (Lodgment 28 at p. 5.) Second, Williams claimed the jury convicted him on insufficient evidence. (Lodgment 28 at p. 6.) Third, Williams claimed his sentence was cruel and unusual because his prior convictions predated the Three Strikes Law. (Lodgment 28 at p. 7.) Finally, Williams claimed the reasonable doubt instruction given to the jury during trial was inappropriate. (Lodgment 28 at p. 7.)

On December 15, 2005, Williams filed a notice of motion for voluntary dismissal of his petition for unexhausted claims. (ECF No. 10, p. 2.) On December 29, 2005, Williams filed a notice of motion to stay and abey his petition for ninety days to seek relief for unexhausted claims in state court. (ECF No. 12.) On February 7, 2006, Respondent filed an opposition to motion for

1  stay, requesting the court permit him to file a motion to dismiss based on the statute of limitations
2  before the Court further considered the motion for stay. (ECF No. 17, pp. 2-3.) Magistrate Judge
3  Jan M. Adler ordered Respondent to file a motion to dismiss by May 8, 2006. (ECF No. 23.) On
4  May 8, 2006, Respondent filed a motion to dismiss Williams' petition. (ECF No. 24, 25.)
5       On September 25, 2006, the district court adopted the Report and Recommendation of
6  Judge Adler in its entirety and denied the petition because it was not filed within the statute of
7  limitations under AEDPA. (Lodgments 29, 30, 31.) The court dismissed Williams' motion for
8  stay and abeyance as moot. (Lodgments 29, 30, 31.)

**October 13, 2005 Habeas Petition in California Supreme Court**

     While the district court decision was pending, Williams presented three claims to the California Supreme Court. Williams claimed ineffective assistance of trial counsel because counsel failed to raise issues regarding his mental incompetence. (Lodgment 24 at p. 1.) Williams also claimed he should be resentenced under *Apprendi v. New Jersey* and *Blakely v. Washington*. (Lodgment 24 at p. 3.) Finally, Williams claimed his sentence was cruel and unusual. (Lodgment 24 at p. 4.) The California Supreme Court denied the petition on July 19, 2006, citing *In re Robbins*, 18 Cal. 4th 770 (1998) (indicating petition was untimely); *In re Clark*, 5 Cal. 4th 750 (1993) (indicating petition was successive). (Lodgment 25.)

**January 9, 2006 Habeas Petition in California Supreme Court**

     Williams presented two claims. Williams claimed ineffective assistance of trial counsel because counsel failed to raise issues regarding his mental incompetence. (Lodgment 26 at p. 3.) Williams also claimed the jury convicted him on insufficient evidence. (Lodgment 26 at p. 4.) The California Supreme Court denied the petition on July 19, 2006, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750 (1993); *In re Dixon*, 41 Cal. 2d 756 (1953); *In re Lindley* 19 Cal. 2d 709 (1947); *In re Miller* 17 Cal. 2d 734 (1941). (Lodgment 27.)

**August 16, 2010 Habeas Petition in California Supreme Court**

     Williams presented three claims. Williams claimed the sentencing court failed to resentence him after the court of appeal struck his prior convictions on June 6, 1997. (Lodgment 32 at p. 3.) Williams also claimed the sentencing court illegally enhanced his sentence based on prior convictions. (Lodgment 32 at p. 4.) Finally, Williams claimed his sentence was cruel and unusual.

(Lodgment 32 at p. 5.) The California Supreme Court denied the petition on March 2, 2011, again citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750, 797–98 (1993). (Lodgment 33.)

**September 26, 2011 Federal Habeas Petition**

Williams filed his second federal petition, the instant Petition, presenting the same three sentencing claims as his August 16, 2010 petition in California Supreme Court. (ECF No. 1, Petition at pp. 14-15.) Before 2010, Williams also raised sentencing claims on the following dates:

- December 16, 1997 in San Diego County Superior Court    (Lodgment 10)
- February 28, 1998 in San Diego County Superior Court    (Lodgment 12)
- April 1, 2005 in San Diego County Superior Court    (Lodgment 20)
- August 25, 2005 in California Court of Appeal    (Lodgment 22)
- October 13, 2005 in California Supreme Court    (Lodgment 24)

### III. Discussion

**Respondent's Arguments**

Respondent argues the Court should dismiss the Petition because it is an unauthorized successive petition. (ECF No. 7, Motion at p. 4.) Williams has not obtained leave from the Ninth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b)(3). (ECF No. 7, Motion at p. 4.) Respondent argues that any attempt by Williams to obtain authorization from the Ninth Circuit would be futile. (ECF No. 7, Motion at p. 4.) According to Respondent, Williams has known of the factual predicate of his Petition since 1996 and has failed to introduce a previously unavailable constitutional rule of law. (ECF No. 7, Motion at p. 5.)

Respondent alternatively contends the Court must dismiss the Petition because it is untimely. (ECF No. 7, Motion at p. 5.) The Petition is untimely because the Court found Williams' first federal petition to be untimely, and this Petition is "based on the same underlying California case." (ECF No. 7, Motion at pp. 5-7.) Regardless, Respondent argues the Petition is untimely because the approximate five-year period that transpired between the 2005 filing of Williams' first federal petition and the 2010 filing of his subsequent habeas petition in California Supreme Court does not toll the statute of limitations. (ECF No. 7, Motion at p. 6.)

*Petitioner's Arguments*

Williams has not opposed or otherwise responded to Respondent's Motion, nor has he requested an extension of time to do so.

**Scope of Review for Habeas Corpus Relief**

Under 28 U.S.C. §2254(a), the scope of review for federal habeas corpus claims reads:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> 28 U.S.C. § 2254(a).

The provisions of AEDPA, which amended 28 U.S.C. § 2244, apply to petitions for writs of habeas corpus filed in federal court after April 24, 1996, AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA applies to the instant Petition because it was filed on September 29, 2011.

To discourage piecemeal litigation of claims in successive habeas petitions, 28 U.S.C. § 2244(b) provides that a federal court must dismiss a claim presented in a second or successive habeas corpus petition under section 2254 that was presented in a prior application. *See also McCleskey v. Zant*, 499 U.S. 467, 489 (1991). A habeas petition is second or successive only if it raises claims that were or *could have* been adjudicated on the merits. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Under the gatekeeping provision of section 2244, a petitioner must receive authorization from the appropriate court of appeals in order for the district court to consider a successive petition. 28 U.S.C. § 2244(3)(A). Once a district court recognizes a petition is a second or successive petition, it lacks jurisdiction, absent authorization from the appropriate court of appeals, to consider the merits of the petition. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (citing *United States v. Allen,* 157 F.3d 661, 664 (9th Cir. 1998)).

Under AEDPA, state prisoners have one year to file habeas corpus petitions in federal court. This limitation period starts on the date their state court judgment becomes final. 28 U.S.C. § 2244(d). The period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Generally, this period will include those periods between the

decision of one court and the filing of the petition at the next court as long as the subsequent petition is timely filed. *Carey v. Saffold*, 536 U.S. 214, 217–21 (2002). Under California standards, timely filed subsequent petitions must be filed within a "reasonable" time following the decision of the prior court. *See Maxwell v. Roe*, 628 F.3d 486, 496 (9th Cir. 2010) (citing *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008)). However, California has not articulated what exactly constitutes a reasonable time. *Maxwell*, 628 F.3d at 496 (citing *Evans v. Chavis*, 546 U.S. 189, 198 (2006)).

AEDPA also provides equitable tolling of the one-year statute of limitations. However, a petitioner must demonstrate that extraordinary circumstances beyond his control made it impossible to timely file. *Allen v. Lewis*, 255 F.3d 798, 799–800 (9th Cir. 2001). A petitioner bears the heavy burden of demonstrating that extraordinary circumstances, rather than a lack of diligence, directly caused his untimeliness. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

**The Petition Must be Dismissed as an Unauthorized Successive Petition**

Respondent argues the Court must dismiss the Petition because it is successive and Williams did not obtain leave from the Ninth Circuit Court of Appeals to file a successive petition. (ECF No. 7, Motion at p. 4.) Generally, a successive habeas petition either: (1) raises claims already adjudicated on the merits; or (2) raises claims that *could* have been adjudicated on the merits. *See Woods*, 525 F.3d at 888; *see also Morales v. Ornoski*, 439 F.3d 529, 532–33 (9th Cir. 2006) (dismissing three of petitioner's claims as successive because petitioner previously raised them in another habeas petition); *Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006) (concluding petitioner's claim of subjection to horrific conditions during his death row sentence was successive because he *could* have brought it in his first petition); *but see Hill v. State of Alaska*, 297 F.3d 895, 897 (9th Cir. 2002) (holding parole claim was not successive to previous federal petition challenging prisoner's actual sentence because such a claim *could not* have been included in the first petition).

Additionally, a subsequent federal petition is successive even if it challenges a *sentence* and a previous federal petition challenged a *conviction*. *See Burton v. Stewart*, 549 U.S. 147, 155–56 (2007) (per curiam). This is true so long as the petitioner was in custody pursuant to the

challenged sentence at the time he or she filed both petitions. *Id.* Before a petitioner may file a successive petition in district court, he or she must obtain authorization from the appropriate court of appeals permitting the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Here, Williams' Petition is successive because he presents claims that *could have* been presented in his first federal petition. 29 U.S.C. § 2244(b)(2). Williams bases his claims on the superior court's failure to modify his sentence despite language from the court of appeal's opinion that his priors were "stricken." Williams has been aware of these facts since September 24, 1997, when the superior court left his sentence unchanged. The abstract of judgment from the superior court indicates Williams' presence on the date of judgment. (ECF No. 1, Petition at Exhibit A.) Also, Williams sought to have his sentence reduced in four of his state habeas petitions, all filed before the date he filed his first federal petition. (Lodgments 10, 12, 20, 22). Moreover, there has been no change in the applicable law such that Williams could not have presented his claims in his first federal petition. Williams does not cite to a new rule of law; rather, he cites to U.S. Supreme Court cases from 1967 and 1973. Neither Respondent nor this Court have identified any new law applicable to Williams' claims. In short, Williams has been aware of the underlying facts of his claims since 1997 and there has been no change in the applicable law since then.

Furthermore, Williams could have raised the instant sentencing claims in his first petition even though the claims were unexhausted at the time. Williams filed four state petitions regarding sentencing (though none in the California Supreme Court) before filing his first federal petition, yet failed to raise the instant sentencing claims in his first federal petition. In *Burton*, the U.S. Supreme Court rejected the Ninth Circuit's holding that a petitioner with unexhausted claims who chooses to proceed with only his exhausted claims may later assert that a subsequent petition is not successive because his new claims were unexhausted when he filed his first federal petition. *Burton*, 549 U.S. at 154 (noting the Ninth Circuit's result "would be inconsistent with both the exhaustion requirement, with its purpose of reducing piecemeal litigation, and AEDPA, with its goal of streamlining federal habeas proceedings") (internal quotation omitted). Williams has been aware of the underlying facts of his sentencing claims since 1997. Williams could have presented the instant claims, even though they were unexhausted, in his first federal petition. Accordingly, the instant Petition is successive.

Additionally, Williams' second petition is successive even though he challenged his 1996 *conviction* in the first petition and challenges only his 1997 *unmodified resentence* in the second petition. In *Burton v. Stewart*, the petitioner filed two federal habeas petitions and argued the second petition was not successive because the two petitions challenged different judgments. *Burton*, 549 U.S. at 155–56. In 1998, the petitioner filed his first federal petition challenging the constitutionality of his 1994 *conviction*. *Id.* at 151. In 2002, he filed his second federal petition challenging the constitutionality of his 1998 *resentence*. *Id.* at 151–52. The U.S. Supreme Court rejected the petitioner's argument, noting he was in custody pursuant to the 1998 resentence when he filed both of his federal petitions and no new judgment intervened between the two petitions. *Id.* at 155–56. The Court held the petitioner's second petition was successive because he "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Id.* at 153.

Similarly, Williams' petitions challenge the same judgment. In a criminal case, a *judgment* becomes final when both the conviction *and* sentence are final because the "sentence is the judgment." *Id.* at 156–57 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Like the petitioner in *Burton*, Williams challenges the same custody imposed by the same state court judgment in both federal petitions because the state detained him pursuant to the 1997 unmodified resentence at the time of both petitions. Also like the petitioner in *Burton*, Williams cannot demonstrate his petitions challenge different judgments because no new judgment intervened between his two federal petitions. Williams' first and second petitions challenge the same judgment, and therefore this Petition is successive.

Williams seeks to file a successive petition yet failed to obtain authorization from the Ninth Circuit Court of Appeals to file in this Court. Although Williams stated this Petition was not his first federal petition under the Collateral Review in Federal Court section of the standard habeas form, he failed to answer whether the Ninth Circuit gave him permission to file a second petition. (ECF No. 1, Petition at p. 5.) This Petition is an unauthorized successive petition, and this Court lacks the jurisdiction to consider it on its merits. *See Cooper*, 274 F.3d at 1274.

Accordingly, because this Court lacks the jurisdiction to consider Williams' unauthorized successive Petition, it is recommended Respondent's Motion should be **GRANTED** and the Petition should be **DISMISSED.**

*The Petition is Untimely Under AEDPA's Statute of Limitations*

Alternatively, Respondent argues the Petition is barred by the statute of limitations under AEDPA. (ECF No. 7, Motion at pp. 5-7.) Absent tolling, Williams had until December 24, 1998 to file his first federal habeas petition.[3] Williams filed his first federal petition on September 19, 2005, nearly eight years after his state court judgment became final on December 23, 1997. The district court dismissed Williams' first federal habeas petition as untimely under AEDPA because he was not entitled to statutory tolling "for the very lengthy period of time between the denial on December 15, 1998 of his third habeas petition presented to the San Diego County Superior Court and the filing of his first habeas petition before the California Supreme Court on March 3, 2003." (Lodgment 29 at p. 4.) The "lengthy period of time" referred to the four years that transpired between the denial of Williams' third habeas petition in San Diego County Superior Court and the filing of his first habeas petition in California Supreme Court. (Lodgment 29 at p. 5.)

In dismissing Williams' first federal petition, the district court noted the California Supreme Court's silent denial of his October 22, 2003 habeas petition and reasoned that under the U.S. Supreme Court's ruling in *Evans v. Chavis*, the California Supreme Court's *silent* denial made it less likely four years was a period of reasonable delay that would toll the statute of limitations. (Lodgment 29 at p. 5; Lodgment 17). *See also Evans v. Chavis*, 546 U.S. 189, 197 (2006) (finding a state court's silent denial of a petition filed after a three-year unexplained and unjustified delay made it less likely that the court believed the delay to be reasonable). Williams did not appeal the district court dismissal of his first petition for untimeliness. This failure to appeal precludes him from challenging that dismissal now. *Henderson v. Lampert*, 396 F.3d 1049, 1054 (9th Cir. 2005) (holding petitioner's failure to appeal dismissal of his first federal petition when he was not

---

[3]As noted above, the Court utilizes the September 24, 1997 date of the superior court judgment to calculate the date Williams' judgment became final for purposes of AEDPA. Although Respondent's calculation does not utilize this date, the discrepancy between the dates does not affect the Court's finding that Williams' instant Petition is untimely.

- 12 -

"prevented" from doing so precludes him from challenging whether the first petition was correctly dismissed as procedurally defaulted in his second federal petition).

Here, statutory tolling does not apply to Williams' Petition and, for reasons similar to his first federal petition, this Petition is also untimely. Nearly four years after the district court denied his first federal petition on September 25, 2006, Williams filed a state habeas petition in California Supreme Court on August 16, 2010 seeking resentencing. (Lodgments 30-32.)[4] Williams provided no explanation or justification for the four-year delay in filing his August 16, 2010 petition and did not claim he was entitled to equitable tolling. In its denial of Williams' petition, the California Supreme Court cited to *In re Robbins* and *In re Clark*, indicating the petition was untimely and successive. (Lodgment 33.)

In the instant Petition, Williams contends his mental illness constitutes an extraordinary circumstance beyond his control that made it impossible for him to timely file, thus entitling him to equitable tolling. (ECF No. 1, Petition at pp. 22-24.) Williams states he is "legally mentally ill." (ECF No. 1, Petition at p. 22.) Williams does not claim his mental impairment is so severe that he does not understand the need to timely file, but he does state he can only file petitions with the help of others. (ECF No. 1, Petition at p. 22.) Williams contends he has been diligent and prudent in pursuing his claims because he searches for other inmates to help him file petitions. (ECF No. 1, Petition at p. 23.) He also contends the factual basis of his instant claims could not have been previously discovered through due diligence because of his mental illness. (ECF No. 1, Petition at p. 24.)

Williams must meet a two-part test to qualify for equitable tolling due to mental impairment. *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). First, he must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either: (1) he was unable rationally or factually to personally understand the need to timely file; or (2) his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. *Id.* at 1099–1100. Second, Williams must show

---

[4] The California Supreme Court denied Williams' August 16, 2010 petition on March 2, 2011. Williams subsequently filed this Petition, which is based on the same facts and law as his August 16, 2010 filing, on September 26, 2011.

diligence in pursuing the claims to the extent he could understand them, but his mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *Id.* at 1100.

Williams fails to satisfy the heavy burden that would entitle him to equitable tolling due to mental impairment. Williams fails to demonstrate his mental impairment was an extraordinary circumstance beyond his control. He provides no psychiatric records detailing his illness, but contends he is a patient in the prison's Mental Health Service Delivery System's Enhanced Outpatient Program. (ECF No. 1, Petition at p. 23.) Williams does not identify a time period during which the statute of limitations should have been equitably tolled. Williams fails to show how his mental impairment prevents him from filing petitions on time, stating only that his impairment is a "barrier to reach the courts." (ECF No. 1, Petition at p. 23.) Williams also does not specify why or how his mental impairment caused a four-year delay in filing his subsequent petition in the California Supreme Court after his first federal petition was denied. Williams contends he has been diligent and prudent in pursuing his claims, but fails to demonstrate how his mental impairment made it *impossible* for him to timely file his Petition. His multiple filings in State and Federal court demonstrate at least *some* familiarity with the habeas process, and belie his contention that his mental condition impeded him from filing petitions.

Furthermore, the factual basis of Williams' claims was previously discoverable. Williams challenges his sentence on the grounds that his prior convictions were stricken by the court of appeal on June 6, 1997, and the superior court left his sentence unchanged in its September 24, 1997 judgment. (ECF No. 1, Petition at p. 13.) Williams was aware of these facts when he filed his first federal petition in 2005 because he was present when the superior court pronounced its judgment on September 24, 1997. (ECF No. 1, Petition at Exhibit A.)

Even assuming, *arguendo*, Williams is entitled to equitable tolling here from the filing of this first federal petition in 2005, his instant Petition is still untimely because his 2005 petition was found untimely. And, although Williams contends his mental illness prevented him from discovering or presenting facts in a timely manner, his instant claims rest on the same facts as several of his petitions filed prior to September 15, 2005, when he filed his first federal petition.

1  As discussed above, Williams *could have* raised the instant resentencing claims in his first federal
2  petition.  However, even if he did raise them in 2005, they would nevertheless be untimely.  In
3  dismissing Williams' first federal petition as untimely, the district court found he was not entitled
4  to statutory tolling from 1998 to 2003.  (Lodgment 29 at p. 5.)  The district court did not find
5  Williams entitled to equitable tolling and Williams did not claim he was so entitled.

6       In addition, Williams is precluded from raising issues regarding the timeliness of his first
7  federal petition now because he did not appeal the dismissal of his first federal petition.  *See*
8  *Henderson*, 396 F.3d at 1054.  Therefore, even if Williams was to successfully argue he is entitled
9  to equitable tolling in the instant Petition, he would be unable to challenge the untimeliness of his
10 first federal petition.  And, because his instant claims could have been raised in his first federal
11 petition, they are also untimely.

12      Accordingly, because Williams' Petition is untimely, it is recommended Respondent's
13 Motion should be **GRANTED** and the Petition should be **DISMISSED.**

## IV. Conclusion and Recommendation

15      The Court submits this Report and Recommendation to the United States District Judge
16 Roger T. Benitez, under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States
17 District Court for the Southern District of California.  For the reasons outlined above, **IT IS**
18 **HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this
19 Report and Recommendation, and (2) directing Judgment be entered granting the Motion and
20 denying the Petition.

21      **IT IS ORDERED** that no later than July 30, 2012, any party to this action may file written
22 objections with the Court and serve a copy on all parties.  The document should be captioned
23 "Objections to Report and Recommendation."

24 ///
25 ///
26 ///
27 ///
28 ///

1  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than August 13, 2012. The parties are advised failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Date: July 5, 2012

*/s/ W. McCurine Jr.*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court